```
             IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

   EDWARD LOUIS DEAN,          )    Civ. No. 12-00299 SOM/KSC
                               )
        Plaintiff,             )
                               )    ORDER ADOPTING THE MAGISTRATE
        vs.                    )    JUDGE'S FINDINGS AND
                               )    RECOMMENDATIONS GRANTING
   CORRECTIONS CORPORATION     )    DEFENDANTS' MOTION TO
   OF AMERICA, ET AL.,         )    TRANSFER
                               )
        Defendants.            )
   _____ )
```

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATIONS
GRANTING DEFENDANTS' MOTION TO TRANSFER**

Plaintiff is an inmate at the Saguaro Correctional Center in Arizona, operated by Defendant Corrections Corporation of America ("CCA"). Plaintiff is serving time at Saguaro for crimes he committed in Hawaii. Plaintiff filed a First Amended Complaint before this court alleging that the CCA had failed to accommodate his religious dietary restrictions. Defendants filed a Motion to Transfer Venue ("Motion"), and Magistrate Judge Kevin Chang issued his Findings and Recommendation ("F&R"). The F&R suggested that the district court grant the Motion. Plaintiff now raises four objections to the F&R. The court is unpersuaded by Plaintiff and adopts the F&R.

I.      **BACKGROUND.**

Plaintiff claims that CCA has "refused to provide Plaintiff's properly requested and court ordered religious diet which is a raw non-cooked vegetarian diet." First Am. Compl.

¶ 11.  Plaintiff's First Amended Complaint alleges the following claims: (1) failure to allow the free exercise of Plaintiff's religion; (2) violation of the Religious Land Use and Institutionalized Persons Act; and (3) cruel and unusual punishment in violation of the Eighth Amendment.  ECF No. 1. After Plaintiff filed a motion for a preliminary injunction, see ECF No. 13, Defendants filed their Motion.  ECF No. 19.

Defendants' Motion argued that this case should be transferred to the United States District Court for the District of Arizona.  Defendants explained: "Plaintiff is now, and was at all times material to this matter, incarcerated in Arizona. Moreover, each of the alleged violations occurred in Arizona, which means the contacts regarding Plaintiff's cause of action are associated with Arizona and not Hawai'i."  Motion at 3.  In addition, Defendants said that "the litigation costs favor the transfer of this case to Arizona" because all of the prison officials who made decisions regarding Plaintiff's diet at Saguaro, as well as "nearly all of the sources of proof," are in Arizona rather than Hawaii.  Id. at 4.

Plaintiff objected to Defendants' Motion on multiple grounds.  ECF No. 38.  Plaintiff said that he would be significantly prejudiced if the Motion were granted because neither of his two attorneys was licensed to practice law in Arizona; he claimed that transferring venue would "leave

Plaintiff on his own without access to counsel through the foreseeable future of this case." Opp'n at 2. Plaintiff also argued that the economics did not favor transferring venue because "Ted Sakai [a State of Hawaii employee in Honolulu] is a party and Hawaii will have the expense of bringing Ted Sakai and/or his representative, paying for a hotel and meals." Id. at 5. In addition, Plaintiff argued that, although Defendants mentioned the costs of transporting out-of-state witnesses to Hawaii, they failed to list who these were or to describe the evidence that they will give. Id. at 5-6. Finally, Plaintiff argued that the relevant documents to this case were required to be maintained in Hawaii under Hawaii law. Id. at 6.

Magistrate Judge Chang's F&R carefully considered each of the relevant factors in evaluating Defendants' Motion. F&R, ECF No. 43. Magistrate Judge Chang noted that although "Plaintiff's choice of forum would ordinarily weigh in favor of maintaining the action in this district, his preference is given less weight because he does not reside in the forum." Id. at 5. In addition, Magistrate Judge Chang reasoned:

> The contacts relating to Plaintiff's causes of action are in Arizona. Plaintiff claims that Defendants have denied him his religious diet. This alleged deprivation occurred in Arizona, not Hawaii. The[re] are no significant contacts between Plaintiff's claims and Hawaii, other than Plaintiff's status as a Hawii inmate and the contract between Defendant CCA and the State of Hawaii to house Hawaii inmates. By contrast, other

3

>           than Plaintiff's allegation that Defendant
>           Sakai has failed or refused to ensure that
>           Plaintiff is provided with his court ordered
>           religious diet, the claims all stem from
>           conduct that took place in Arizona.

Id. at 6.

Magistrate Judge Chang rejected Plaintiff's argument that transferring venue would prejudice him, noting that his counsel could seek pro hac vice admission in Arizona. "The mere fact that counsel reside and practice in Hawaii does not compel a finding that the case should remain here." Id. at 7. Magistrate Judge Chang also found that "great expense will be incurred with the transportation, lodging, and meals for Defendants" if the trial is held in Hawaii, because so many witnesses and the relevant sources of proof are located in Arizona. Id. at 8-9. Magistrate Judge Chang therefore recommended that the court grant Defendants' Motion. Id. at 10.

Plaintiff objects to the F&R on four grounds. ECF No. 45. First, Plaintiff argues that "because both of his attorneys in this case are not licensed to [p]ractice law in Arizona," Plaintiff "would not have legal representation" if the court transferred venue to the District of Arizona. Id. at 2. Second, Plaintiff argues that Magistrate Judge Chang's finding "that there are no significant contacts between Plaintiff's claim and Hawaii is clearly erroneous." Id. at 4. Third, Plaintiff asserts that Defendants failed to "specifically list the evidence

and witnesses that they are going to rely" on at trial.  Id. at 4.  Finally, Plaintiff objects to Magistrate Judge Chang's finding "that the documents are located in Arizona."  Id. at 5.  The court adopts the F&R.

**II.      STANDARD.**

The district judge may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  Fed. R. Civ. P. 72(b).  If a party timely objects to portions of the findings and recommendation, the district judge reviews those portions of the findings and recommendation de novo.  Fed. R. Civ. P. 72(b)(3); Local Rule 74.2.  The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record.  See United States v. Bright, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

**III.     ANALYSIS.**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In evaluating a motion to transfer venue, a district court should consider, among other things: (1) the location where the relevant agreements were

negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contact with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the ability to compel attendance of unwilling nonparty witnesses; and (8) the ease of access to sources of proof.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

The court agrees with Magistrate Judge Chang's analysis.  As Magistrate Judge Chang found, the first two Jones factors are neutral because Plaintiff does not assert a breach of contract claim, and Arizona and Hawaii are equally familiar with the relevant federal law.  F&R at 5.  Although the third factor, Plaintiff's choice of forum, would typically weigh in favor of keeping the action in this district, Plaintiff's preference is given less weight because he does not reside in this forum.  Id. at 5; see also Ah Sing v. Kimoto, 2012 WL 1366600, at *3 (D. Haw. Apr. 18, 2012).  Additionally, this court agrees that the fourth and fifth factors "weigh strongly" in favor of transferring the case to Arizona.  F&R at 6.  As the F&R reasoned, "other than Plaintiff's allegation that Defendant Sakai has failed or refused to ensure that Plaintiff is provided with his court ordered religious diet, the claims all stem from conduct that took place in Arizona."  Id.

The court also agrees with the F&R that, because transferring venue would be cost-effective, the final three factors weigh in favor of granting Defendants' Motion. "If the case proceeds in Hawaii, the State will be burdened with the expense of transporting Plaintiff to Hawaii, with the attendant costs for his supervision during the transfer and his incarceration during the pendency of his trial." Id. at 8. The relevant sources of proof – the individuals at Saguaro who were in charge of addressing Plaintiff's dietary restrictions – are also in Arizona, and proceeding in Hawaii would mean that the State would incur the costs of transporting these officials as well. Moreover, nonparty witnesses in Arizona would "incur substantial expense to travel more than 100 miles to attend trial." See Fed. R. Civ. P. 45(c)(3)(B)(iii). By contrast, if the case were transferred to Arizona, only Defendant Sakai (who has consented to a transfer of venue) would need to travel to Arizona.

None of Plaintiff's four objections is persuasive. First, as the F&R correctly states, transfer of venue will not deprive Plaintiff of counsel. Plaintiff's counsel may seek pro hac vice admission in Arizona. F&R at 7. Alternatively, Plaintiff may seek new representation or represent himself.

Second, this court does not agree with Plaintiff that transfer should not be ordered in light of the State of Hawaii's

alleged failure to stop CCA from violating Plaintiff's religious rights.  Plaintiff says the failure occurred in Honolulu.  Magistrate Judge Chang recognized "Plaintiff's status as a Hawaii inmate and the contract between Defendant CCA and the State of Hawaii to house Hawaii inmates."  F&R at 6.  While these are significant facts, they are outweighed by other venue considerations.

Third, Plaintiff's argument that Defendants failed to provide a specific list of the materials and witnesses they would rely on at trial is factually incorrect.  See Defendants' Reply in Support of Motion to Transfer Venue, ECF No. 41 at 6 (providing a list of relevant documents and individuals in Arizona).

Finally, Plaintiff objects to the F&R on the ground that Defendant Sakai is required "to develop and maintain a file on the incarceration of each prisoner that should include the document relative to this case."  Obj. at 5.  Hawaii law provides, "The director shall establish a record of all facts relating to the admission, sentence, commutation, parole, pardon, discharge, escape, death, and correctional programs of any committed person, all actions that are taken for breach of correctional rules, and all other occurrences of note concerning the committed person."  Haw. Rev. Stat. § 353-12.  While some of these records may be relevant to this case, these records do not

encompass the entirety of the records that Defendants have already identified as relevant. See Defendants' Reply in Support of Motion to Transfer Venue at 6 (identifying relevant operational and institutional records). In any event, as the F&R's analysis made clear, Magistrate Judge Chang's recommendation certainly did not hinge on the cost of shipping paper records. Rather, the focus of the F&R was the cost of transporting Plaintiff and prison officials. The court agrees that these costs would be significant, and the court is not persuaded by Plaintiff's premature assertion that this case will be resolved by summary judgment. See Obj. at 5.

## IV.    CONCLUSION.

The court adopts the F&R in full, grants Defendants' Motion, and directs the Clerk of Court to transfer this case to the District of Arizona.

IT IS SO ORDERED.

DATED: Honolulu, January 29, 2013.



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

Edward L. Dean v. Correction Corporation of America, et al., Civ. No. 12-00299 SOM/KSC; ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO TRANSFER